IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GOODALL OIL COMPANY and MICHAEL RYAN,

    Plaintiffs,

v.

PILOT CORPORATION and PILOT TRAVEL CENTERS, LLC,

    Defendants.

ORDER

19-cv-428-jdp

---

Plaintiffs Goodall Oil Company and Michael Ryan have filed a motion for a temporary restraining order or, in the alternative, a motion for a preliminary injunction against defendants Pilot Corporation and Pilot Travel Center, LLC. Dkt. 2. The motion for a temporary restraining order is DENIED because the court isn't persuaded that plaintiffs have made the extraordinary showing necessary to obtain relief without giving defendants an opportunity to respond. Plaintiffs allege that defendants are threatening to breach an agreement that gives plaintiffs the right to haul motor fuels for defendants, but plaintiffs don't allege that defendants have breached the contract yet or cited any evidence showing that they would suffer irreparable harm during the time that would be necessary to resolve a motion for a preliminary injunction.

Plaintiffs' alternative request for a preliminary injunction is DENIED without prejudice for three reasons. First, plaintiffs' complaint doesn't adequately allege a basis for this court to exercise jurisdiction. Although plaintiffs rely on 28 U.S.C. § 1332 as a basis for jurisdiction, they have not identified plaintiff Michael Ryan's domicile or the citizenship of the members of Pilot Travel Centers, LLC. Without that information, the court can't determine whether there is complete diversity as required by § 1332. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Second,

plaintiffs didn't follow this court's procedures for obtaining preliminary injunctive relief, which require parties to file proposed findings of fact. The court has attached those procedures. Third, plaintiffs' motion ignores Rule 65(c), which requires parties seeking preliminary injunctive relief to provide security. Once plaintiffs correct these defects *and* file proof of service, the court will set an appropriately prompt briefing schedule. If plaintiffs do not file an amended complaint showing a basis for jurisdiction by June 12, 2019, the court will dismiss the case for lack of subject matter jurisdiction.

    Entered May 30, 2019.

                  BY THE COURT:

                  /s/

                  _____
                  JAMES D. PETERSON
                  District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PROCEDURE TO BE FOLLOWED ON MOTIONS FOR INJUNCTIVE RELIEF

*NOTE WELL:* **It is the duty of the parties to present to the court, in the manner required by this procedure, all facts and law necessary to the just, speedy and inexpensive determination of this matter. The court is not obliged to search the record for facts or to research the law when deciding a motion for injunctive relief.**

## I. NOTICE

A. It is the movant's obligation to provide **actual** and **immediate** notice to the opposing party of the filing of the motion and of the date set for a hearing, if any.

B. The movant must serve the opposing party **promptly** with copies of all materials filed.

C. Failure to comply with provisions A and B may result in denial of the motion for this reasons alone.

## II. MOVANT'S OBLIGATIONS

A. It is the movant's obligation to establish the factual basis for a grant of relief.

   1. In establishing the factual basis necessary for a grant of the motion, the movant must file and serve:

      (a) A stipulation of those facts to which the parties agree; or

      (b) A statement of record facts proposed by the movant; or

      (c) A statement of those facts movant intends to prove at an evidentiary hearing; or

      (d) Any combination of (a), (b) and (c).

   2. Whether the movant elects a stipulation or a statement of proposed facts, it is the movant's obligation to present a precisely tailored set of factual propositions that movant considers necessary to a decision in the movant's favor.[1]
      (a) The movant must set forth each factual proposition in its own separately numbered paragraph.

      (b) In each numbered paragraph the movant shall set cite with precision to the source of that proposition, such as

---

[1] These factual propositions must include all basic facts necessary to a decision on the motion, including the basis for this court's jurisdiction, the identity of the parties and the background of the parties' dispute. The movant should not include facts unnecessary to deciding the motion for injunctive relief.

pleadings,[2] affidavits,[3] exhibits, deposition transcripts, or a detailed proffer of testimony that will be presented at an evidentiary hearing.

B. The movant must file and serve all materials specified in II. A with the movant's supporting brief.

D. If, the court concludes that the movant's submissions do not comply substantially with these procedures, then the court, at its sole discretion, may deny summarily the motion for injunctive relief, cancel any hearing on the motion, or postpone the hearing.

### III. RESPONDENT'S OBLIGATIONS

A. When a motion and supporting materials and brief have been filed and served in compliance with Section II, above, the opposing respondent(s) shall file and serve the following:

1. Any affidavits or other documentary evidence that the respondent chooses to file and serve in opposition to the motion.

2. A response to the movant's statement of proposed findings of fact, with the respondent's paragraph numbers corresponding to the movant's paragraph numbers.

    (a) With respect to each numbered paragraph of the movant's proposed findings of fact, each respondent shall state clearly whether the proposed finding is not disputed, disputed, or disputed in part. If disputed in part, then the response shall identify precisely which part is disputed.

    (b) For each paragraph disputed in whole or in part, the response shall cite with precision to the evidentiary matter in the record or to the testimony to be presented at the hearing that respondent contends will refute this factual proposition.

B. The response, in the form required by III A., above, shall be filed and served together with a brief in opposition to the motion for injunctive relief no later than the date set by the court in a separately issued briefing schedule.

C. There shall be no reply by the movant.

---

[2] The pleadings, however, are not evidence. Therefore, the movant may use the pleadings as a source of facts *only if* all parties to the hearing stipulate to these facts on the record.

[3] Affidavits must be made on personal knowledge setting forth facts that would be admissible in evidence, including any facts necessary to establish admissibility.

IV. HEARING

If the court determines that a hearing is necessary to take evidence and hear arguments it shall notify the parties promptly.  It is each party's responsibility to ensure the attendance of its witnesses at any hearing.