IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GOODALL OIL COMPANY and
MICHAEL RYAN,

                     Plaintiff,

    v.

PILOT CORPORATION and PILOT TRAVEL
CENTERS LLC d/b/a PILOT FLYING J,

                     Defendants.

OPINION and ORDER

19-cv-428-jdp

Plaintiff Goodall Oil Company and its president are suing defendants Pilot Corporation and Pilot Travel Centers LLC for terminating a 1989 contract giving Goodall the right to haul fuel to one of Pilot's gas stations. The court denied defendants' motion to dismiss for failure to state a claim. Dkt. 24. Now plaintiffs move to dismiss defendants' counterclaim for failure to state a claim. Dkt. 27.

Defendants' counterclaim is a request for a declaration that the parties' rights are governed by a 2004 contract between Goodall and PTC rather than the 1989 contract between Goodall and Pilot. Specifically, defendants contend that Pilot assigned its rights and responsibilities under the 1989 agreement to PTC in 2001, and then PTC and Goodall entered into a 2004 contract that gave PTC the right to terminate.

Defendants' counterclaim is essentially a mirror-image of Goodall's breach of contract claim, so the counterclaim adds little to the lawsuit. But there is no rule against mirror-image counterclaims, *see Free Range Presents Dallas, LLC v. Fort Investments LLC,* No. 18-CV-104-WMC, 2018 WL 6441017, at *3 (W.D. Wis. Dec. 7, 2018), and plaintiffs aren't moving to strike the counterclaim as redundant. Instead, plaintiffs are contending that the counterclaim

should be dismissed because: (1) defendants breached their duty of good faith and fair dealing; (2) plaintiffs were unaware of an assignment from Pilot to PTC; (3) there was no meeting of the minds between plaintiffs and defendants to limit plaintiffs' rights under the 1989 agreement; and (4) the 2001 agreement did not give plaintiffs adequate consideration for giving up their rights in the 1989 agreement.

The problem with all of these arguments is that they do not rely on the language of the contracts or the allegations in the counterclaim. Rather, plaintiffs repeatedly ask the court to accept *their* version of the facts as true for the purpose of their motion. *See* Dkt. 28, at 6, 7–8. At one point, plaintiffs ask the court to consider "[a] more likely scenario [that] Plaintiffs will testify to." *Id.* at 11. But that is not how a motion to dismiss works. "[A] motion to dismiss tests the legal sufficiency of a pleading," so the court must "accept a complaint's factual allegations when ruling on a motion to dismiss under Rule 12(b)(6)." *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The same principle applies to a motion to dismiss a counterclaim, so plaintiffs' arguments fail.

In their reply brief, plaintiffs abandon most of the arguments raised in their opening brief, and they substitute new, undeveloped arguments for why they believe the 2004 agreement isn't controlling. *See* Dkt. 30. But a party may not raise new arguments in a reply brief. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005). So the resolution of this issue will have to wait for a motion for summary judgment.

ORDER

IT IS ORDERED that the motion to dismiss filed by plaintiffs Goodall Oil Company

and Michael Ryan, Dkt. 27, is DENIED.

Entered February 21, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge